# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-624 LY |
| | § | |
| JOHN P. EICHLING | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on July 20, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On July 22, 2003, the Defendant was sentenced by Judge Callie Granada of the Southern District of Alabama to 77 months of imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Defendant's supervision commenced on October 15, 2009. The Defendant's first urine specimen, collected the day he was released onto supervision, tested positive for marijuana, which he admitted that he used while on home confinement under the custody of the BOP. He was therefore referred to substance abuse treatment, with no Court action taken at that time. On February 22, 2010, jurisdiction over the case was transferred from Alabama to this Court.

On September 22, 2010, the Defendant submitted another urine specimen that tested positive for marijuana, and the Defendant was ordered to participate in additional programs related to substance abuse. The Defendant commenced this additional program, but then failed to continue with it when his mother became ill and he moved into her home to care for her. The Probation Office approved this, but directed that the Defendant continue to participate in the basic treatment program he had commenced the prior year. The Defendant failed to follow these instructions, and missed treatment in the months of December 2010, and January through April 2011, and failed to submit urine specimens during this time. As a result, the Probation Office filed its Petition, and the Court ordered the issuance of a warrant on May 6, 2011. Before that warrant was executed, the Defendant was arrested by the Austin Police Department and charged with failure to identify and unauthorized use of a motor vehicle. The Defendant pled guilty to both charges, and received 10 days of custody for the first, and 30 days for the second. On July 12, 2011, the Probation Office filed an Amended Petition to include the new convictions as violations. On that same date, the Defendant completed his state sentences, and was transferred to federal custody on the warrant in this case.

The Defendant and his attorney appeared before the undersigned Magistrate Judge on July 20, 2011, for a hearing on the Amended Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II.  FINDINGS OF THE COURT

1.  The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the undersigned.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) committing two new offenses; (2) failing to attend drug counseling; and (2) failing to report as directed.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 21 to 24 months of imprisonment. The Court has

considered all of the above, and RECOMMENDS that the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of July, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE